# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

PAYCOM PAYROLL, L.L.C., )
 )
         Plaintiff, )
vs. ) NO. CIV-10-0066-HE
 )
EPOCH.COM, L.L.C., )
 )
         Defendant. )

## **ORDER**

Defendant Epoch.com, L.L.C., has moved to dismiss plaintiff's complaint, arguing plaintiff's claims are barred by the doctrine of *res judicata* due to prior litigation between the predecessors to these parties and that the complaint lacks sufficient detail to state a plausible claim. The motion is fully briefed.

The court concludes defendant's motion is well taken insofar as it relies on the lack of factual specificity needed to state a plausible claim. Where the specifics of defendant's alleged use of the mark "Paycom" are concerned, the complaint alleges only that "Defendant has and is using the term . . . ." (Compl. ¶ 14.) It does not allege any specific type of use nor does it allege an identifiable time frame for the use plaintiff now alleges. Lacking such specificity, plaintiff's ability to respond to the allegations may be hampered and, as related to defendant's reliance on the doctrine of *res judicata*, the court's ability to determine that issue is definitely hampered. If, as seems likely, plaintiff's underlying complaint is that defendant has used the mark subsequent to the date of the previous agreed judgment, then there is no apparent reason why such new use could not constitute a new basis for claim as

plaintiff alleges, in addition to being a breach of the prior settlement agreement.[1]  If the claimed use relates to acts pre-dating the prior agreed judgment — which seems unlikely, but can't be determined from the face of the complaint — then perhaps the doctrine applies.

In any event, the court concludes defendant's motion [Doc. #12] should be and is **GRANTED**.  Plaintiff may amend its complaint within **fourteen (14) days**.

**IT IS SO ORDERED**.

Dated this 11th day of May, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1] *Plaintiff's claims here, based on the assumption that it has rights in the mark, are not inconsistent with the prior judgment, so the only real question (as to the application of the res judicata doctrine) appears to be whether the relief sought here could have or should have been sought in the prior case.*